Electronically Filed 07/10/2013 10:09:36 AM ET

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT IN AN FOR BREVARD COUNTY, FLORIDA

CASE NO.:

ANDREW CONKLIN,

     Plaintiff,

vs.

WELLS FARGO BANK, N.A. A FOREIGN CORPORATION

     Defendants.

_____/

## COMPLAINT

COMES NOW The Plaintiff, Andrew Conklin, by and through the undersigned counsel,

sues the Defendants Wells Fargo Bank, N.A. (hereafter Wells Fargo), and John Doe Loan Owner

Inc. and alleges::

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Defendant, Wells Fargo was a foreign for profit corporation with a principal place business in San Francisco, California. Wells Fargo conducts business in State of Florida and maintains agents for the transaction of its customary business in substantially ever county in Florida.

3. The Plaintiff is a resident of Brevard County, Florida and owns a home in Brevard County which is his and his spouse's primary residence

4. Wells Fargo is a loan servicer that services the mortgage upon Andrew Conklin's primary residence. Wells Fargo falls within the Securities and Exchange Commission's (SEC) definition of a loan servicer.

5. It its capacity as a loan servicer, Wells Fargo, acts as a third party debt collector for the owner of mortgage on the Plaintiff's home. Wells Fargo for purposes of the Fair Debt Collection Practices Act (hereafter FDCPA) is a debt collector.

6. The owner of the mortgage on the Plaintiff's home, is believed to be a government

sponsored enterprise (GSE), either Federal National Mortgage Association (Fannie Mae) for Freddie Mac.

7.  On or about December 15, 2010, the Plaintiff, through his undersigned counsel sent correspondence to the Defendant via fax and U.S. Mail, that requested validation of the debt pursuant to the Fair Debt Collection Practices Act (hereafter FDCPA). The letter was also sent as a Qualified Written Request (QWR) pursuant to the Real Estate Settlement Practices Act (RESPA). The letter clearly prohibited Wells Fargo from making direct communication with Andrew Conklin. A copy of the subject letter and fax confirmation are attached hereto as exhibit 1

8.  Wells Fargo was further aware that the undersigned attorney represents Andrew Conklin, as Mr. Conklin is a Defendant in a foreclosure action filed by Wells Fargo, Brevard Case Number 05-2010-CA-009369.  In the aforementioned case, the undersigned counsel has respesented Conklin since December of 2010.

9.  Wells Fargo was furhter aware that Mr. Conklin was represented by counsel, and that Conklin did not wish for Wells Fargo to engage in unlawful direct communication with him because Andrew Conklin previously sued Wells Fargo for violations of the Florida Consumer Collection Practices Act (FCCPA) in Brevard County Court and Wells Fargo removed the case to the United States Middle District where the case was assigend case number 6:11-CV-00443-GAP-GJK.

WHEREFORE, the Plaintiff, Andrew Conklin, demands judgment for damages together with interest, costs and attorney's fees pursuant to Florida Statutes, §§559.77, RESPA 12 U.S.C. §2605, and TILA, and the FDCPA legal assistants' fees pursuant to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

### COUNT I – VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTIVCES ACT (FCCPA)

Plaintiff realleges paragraphs One to Nine as set forth above.

10. Plaintiff's financial obligation to pay the mortgage on his home is a consumer debt as defined by F.S. 559.55(1).

11. The Plaintiff is a "consumer" and "debtor" as defined by 559.55(2)

12. WELLS FARGO BANK, N.A. is a "Debt Collector" as defined by 559.55(6) or in the alternative is an "Out-of-state debt collector" as defined by 559.55(8)

13. By letters dated December 15, 2010, Plaintiff's undersigned counsel put Wells Fargo on notice that Plaintiff was represented by counsel with respect to the mortgage on his primary residence.

14. Florida Statute 559.72 sets forth in pertinent part:
    Prohibited Practices:
    **--In collecting consumer debts, no person shall:**

    (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

15. On or about June 7, 2010, Wells Fargo filed an action to foreclosure on Plaintiff's home.

16. On June 25, 2013, at 8:02 a.m. Joanne of Wells Fargo Bank N.A. d/b/a/ Wells Fargo Home Mortgage called Andrew Conklin's cellular telephone from Phone number (800) 678-7986, and left a message on his cell phone stating in pertinent part:

    " This is Joanne from Wells Fargo Home Mortgage, your mortgage servicer, calling in regards to your mortgage. Please call us back at 1-800-678-7986. Our hours of operation are 7 am to 10 pm central time Monday through Friday, 8 am to 6 pm central time on Saturdays, and 1pm to 5 pm central time on Sundays. This is an attempt to collect a debt, and any information obtained will be used for that purpose. That phone number once again is 1-800-678-7986. We look forward to talking with you today. Thank you."

17. Wells Fargo called again, the very same day, June 25, 2013 at 6:31 p.m.

18. Wells Fargo called again on June 26, 2013 at 8:04 a.m.  Wells Fargo has made additional phone calls to the Plaintiff subsequent to June 26, 2013.

19. The telephone calls to Andrew Conklin caused him stress, aggravation, anxiety, embarrassment, and are harassing.  They remind Conklin of his pending foreclosure action.  They are being made to his cell phone without his permission.  He worries that

such calls will disrupt his self-employment or will embarrass him in public or in the presence of actual or perspective clients.

20. Pursuant to 559.77 Plaintiff is entitled to his actual damages, together with statutory damages of up to $1,000.00 for the violation.

**WHEREFORE**, the Plaintiff, Andrew Conklin, demands judgment for damages together with interest, costs and attorney's fees pursuant to Florida Statutes, §§559.77, RESPA 12 U.S.C. §2605, and TILA, and the FDCPA legal assistants' fees pursuant to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

### COUNT II – Violation of Telephone Consumer Protection Act (TCPA)

Plaintiff reallages paragraphs One to Nine and Sixteen to Eighteen above.

21. Upon information and belief Wells Fargo utilized an automatic or predictive dialer or a pre-recorded voice, to call Andrew Conklin's cell phone.
22. Conklin did not give Wells Fargo permission to call his cell phone.
23. If ad arguendo, Wells Fargo ever had Conklin's permission to call his cell phone such permission was revoked by counsel's notice that Conklin was attorney represented.
24. The TCPA provides in 47 U.S.C. 227(b)(3)

(3) **PRIVATE RIGHT OF ACTION.**—A person or entity may, if otherwise permitted by the
laws or rules of court of a State, bring in an appropriate court of that State—
 (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

25. Wells Fargo violated the TCPA.

26. Wells Fargo's violation of the statute was willful.

12/16/2010 THU 16:51     FAX                              Shuster & Saben                    ☑001

```
                         ********************
                         *** FAX TX REPORT ***
                         ********************

                            TRANSMISSION OK

              JOB NO.                 4974
              DESTINATION ADDRESS     18662781179
              PSWD/SUBADDRESS
              DESTINATION ID
              ST. TIME                12/16 16:50
              USAGE T                 00'51
              PGS.                    3
              RESULT                  OK
```

THE LAW OFFICES OF

**SHUSTER & SABEN, L.L.C.**
540 NORTH HARBOR CITY BLVD.
MELBOURNE, FLORIDA 32935
PHONE (321) 622-5040 • FAX (321) 259-3255

December 15, 2010

VIA MAIL & FAX (866) 278-1179
Wells Fargo Home Mortgage
P. O. Box 14411
Des Moines, IA  50306-3411

> Re:   WELLS FARGO BANK, N.A. v. ANDREW CONKLIN, ET AL.
> Case No.:              05-2010-CA-009369
> Loan Number:           0255463408
> Homeowner:             Andrew Conklin and Anne Conklin
> Original Lender:       Washington Mutual Bank, FA
> Alleged Current Holder:   Unknown
> Property Address:      2125 Howell Ln., Malabar, FL  32950

To Whom It May Concern:

Please be advised that our law firm represents Andrew Conklin and Anne Conklin regarding your attempts to collect a debt allegedly owed to the above-referenced lender. As you may know, Wells Fargo Bank, N.A., the alleged owner or holder of the Mortgage, has already filed suit against our clients, and this law firm is defending the subject lawsuit.

Pursuant to the Fair Debt Collection Practices Act and on behalf of our clients, we hereby dispute the validity of the debt and demand verification of same.

Please also let this letter serve as a qualified written request pursuant to RESPA and recent amendments to TILA. Our client obtained a Mortgage from Washington Mutual Bank, NA on March 30, 2005, and they do not understand what, if any, ownership interest Wells Fargo Bank, N.A. has in the subject Note and Mortgage. Our clients believe that their payments have not been properly credited toward the balance due and that the interest charged exceeds rate contracted for in the Mortgage.

THE LAW OFFICES OF

## SHUSTER & SABEN, L.L.C.
540 NORTH HARBOR CITY BLVD.
MELBOURNE, FLORIDA 32935
PHONE (321) 622-5040 • FAX (321) 259-3255

December 15, 2010

VIA MAIL & FAX (866) 278-1179
Wells Fargo Home Mortgage
P. O. Box 14411
Des Moines, IA   50306-3411

Re:   WELLS FARGO BANK, N.A. v. ANDREW CONKLIN, ET AL.
Case No.:            05-2010-CA-009369
Loan Number:         0255463408
Homeowner:           Andrew Conklin and Anne Conklin
Original Lender:     Washington Mutual Bank, FA
Alleged Current Holder:   Unknown
Property Address:   2125 Howell Ln., Malabar, FL   32950

To Whom It May Concern:

Please be advised that our law firm represents Andrew Conklin and Anne Conklin regarding your attempts to collect a debt allegedly owed to the above-referenced lender. As you may know, Wells Fargo Bank, N.A., the alleged owner or holder of the Mortgage, has already filed suit against our clients, and this law firm is defending the subject lawsuit.

Pursuant to the Fair Debt Collection Practices Act and on behalf of our clients, we hereby dispute the validity of the debt and demand verification of same.

Please also let this letter serve as a qualified written request pursuant to RESPA and recent amendments to TILA. Our client obtained a Mortgage from Washington Mutual Bank, NA on March 30, 2005, and they do not understand what, if any, ownership interest Wells Fargo Bank, N.A. has in the subject Note and Mortgage. Our clients believe that their payments have not been properly credited toward the balance due and that the interest charged exceeds rate contracted for in the Mortgage

As such please furnish our office with the following:

(1)   The identity of the current owner of the Note and Mortgage.
(2)   The identity of all prior owners of the Note and Mortgage.

(3)     The date the current owner of the Note and Mortgage acquired the Note and Mortgage.

(4)     If the Note and Mortgage is owned by a trust please identify both the trustee of the subject trust and the trust itself.

(5)     Identify the current and all past servicers of the Mortgage.

(6)     Provide a complete payment history.

(7)     Provide documentation of when the current owner of the Note acquired the Note, the entity from which the Note was acquired, and the amount of consideration paid for the loan.

(8)     Specify the interest rate utilized for each installment due under the Mortgage.

(9)     Please state whether our client was evaluated for loan modification under HAMP.

(10)    Please provide copies of any HAMP application received and all correspondence and log notes concerning the application for HAMP.

(11)    Please identify the interest rate used for determining the amount of any HAMP trial payment.

(12)    If our clients were placed in a Trial HAMP state the reason why the trial HAMP was not made permanent.

(13)    If the trial HAMP was not made permanent based on "missing documentation" please identify what documents were missing and state the date the servicer notified the borrower and specifically advised what additional documents were needed.

All future contact relative to this debt must take place solely through this office. Please cease and desist all communications with our clients.

For your reference, please also find enclosed written authorization to disclosure the requested information.

Thank you for your consideration of this matter.

Very truly yours,

Richard Shuster
RS/ch
Enclosure

27. Conklin is entitled to damages of $1,500.00 for each call willfully placed to his cell phone. In the event the Court finds the calls were not willful then Conklin is entitled to damages of $500.00 per call.

**WHEREFORE,** the Plaintiff, Andrew Conklin, demands judgment for damages together with interest, costs and attorney's fees pursuant to Florida Statutes, §§559.77, (the FCCPA), and the FDCPA legal assistants' fees pursuant to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Defendant herein through service of process.

SHUSTER & SABEN, L.L.C.

RICHARD SHUSTER, ESQUIRE
Fla. Bar No. 045713
1300 Highway A1A, Suite 101
Satellite Beach, Florida 32937
E-mail: richshuster@gmail.com
Telephone:    321-622-5040
Fax Number:  877-335-4747
Attorney for Plaintiff