UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW CONKLIN,

        Plaintiff,

v.                                      Case No. 6:13-cv-1246-Orl-37KRS

WELLS FARGO BANK, N.A.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Complaint (Doc. 2), filed August 15, 2013;

2. Defendant Wells Fargo's Motion to Dismiss Plaintiff Andrew Conklin's Complaint and Supporting Legal Memorandum (Doc. 12), filed August 28, 2013; and

3. Plaintiff Andrew Conklin's Response to Motion to Dismiss (Doc. 18), filed September 23, 2013.

Upon consideration, the Court finds that Defendant's motion is due to be denied.

## BACKGROUND

Defendant is the loan servicer on Plaintiff's mortgage. (Doc. 2, ¶ 4.) In 2010, Defendant sued Plaintiff to foreclose on his house. (Doc. 18, p. 1.) Defendant allegedly continued to communicate about the foreclosure directly to Plaintiff after he was represented by counsel; this led Plaintiff to file a previous Florida Consumer Collection Practices Act ("FCCPA") claim against Defendant. (*Id.* at 1–2.) That case later settled. (*Id.* at 2.)

Then, earlier this year, Defendant allegedly resumed calling Plaintiff's cell phone. (Doc. 2, ¶¶ 16–18.) After one of the calls, Defendant left a voicemail stating: "This is . . . your mortgage servicer, calling in regards to your mortgage. . . . This is an attempt to collect a debt . . . ." (*Id.* ¶ 16.) Plaintiff accordingly filed this suit in state court, alleging that Defendant has violated the FCCPA and the Telephone Consumer Protection Act ("TCPA"). (*Id.* ¶¶ 10–26.) Defendant removed the case to this Court on the basis of federal-question jurisdiction. (Doc. 1.)

Defendant now moves to dismiss the Complaint, arguing that it fails to state either an FCCPA or a TCPA claim.[1] (Doc. 12.) Plaintiff opposes. (Doc. 18.) This matter is ripe for the Court's adjudication.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore

---

[1] Defendant also argues that Plaintiff failed to give pre-suit notice, which was allegedly required by Plaintiff's mortgage. (Doc. 12, pp. 2–4.) First, this suit is about the calls, not the mortgage; thus, the mortgage is not "central" to the Complaint, and the Court declines to consider it at the motion-to-dismiss stage. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Second, the Court is skeptical that a contractual requirement of pre-suit notice to allow the other party an opportunity to cure a breach is applicable to this action, which is not on the contract itself. Nevertheless, because the Court declines to consider this argument now, it will not preclude Defendant from raising it at a later point.

insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I.  FCCPA

The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt . . . ." Fla. Stat. § 559.72(18). Defendant argues that Plaintiff has failed to state an FCCPA claim because: (1) enforcing a security instrument does not amount to debt collection within the meaning of the FCCPA; (2) Plaintiff has not alleged that Defendant was attempting to collect a debt; and (3) Plaintiff has not alleged that Defendant "communicated" with him within the meaning of the FCCPA. (Doc. 12, pp. 4–6.) The Court disagrees.

It is true that "a mortgage foreclosure action itself" does not qualify as debt collection under the FCCPA. *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360–61 (M.D. Fla. 2007) (Corrigan, J.) (noting that Fair Debt Collection Practices Act ("FDCPA") case law applies to FCCPA cases); *see also Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) ("[F]oreclosing on a security interest is not debt collection activity [for the purposes of § 1692g of the FDCPA]."). However, the action at issue here is not the invocation of "legal process to foreclose," *see Trent*, 618 F. Supp. 2d at 1361, but rather debt collection calls made outside that judicial process. It is not as if these calls were made to notify Plaintiff of the foreclosure action or to attempt to comply with the statute. *Cf. Diaz v. Fla. Default Law Grp., P.L.*, No. 3:09-cv-524-J-32MCR, 2011 WL 2456049, at *4 (M.D. Fla. Jan. 3, 2011) (Corrigan, J.) ("The timing of the filing of the foreclosure complaints [just weeks before the communications] confirms that defendant was not using the [alleged debt collection]

3

letters in an attempt to collect the debt outside the foreclosure process."). Rather, the calls were made years into the underlying foreclosure action, and after Plaintiff previously filed an FCCPA claim for this very same behavior, in an *explicit* attempt to collect a debt. (Doc. 2, ¶ 16 ("This is . . . your mortgage servicer, calling in regards to your mortgage. . . . This is an attempt to collect a debt . . . .").) To try to claim now that these calls were made in an attempt to foreclose the security interest rather than to collect a debt is simply disingenuous. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) (holding that a letter explicitly stating that the defendant was attempting to collect a debt plainly constituted debt-collection activity, and noting that "[t]he fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt"). To give credence to that argument would be to give carte blanche to any holder of secured debts to harass consumers in the process of foreclosure, and as the U.S. Court of Appeals for the Eleventh Circuit aptly noted, "That can't be right. It isn't." *Id.* at 1218.

Plaintiff has alleged that Defendant bypassed his lawyer and called him directly to discuss payment on his mortgage and to attempt to collect a debt. (Doc. 2, ¶¶ 16–18.) This is precisely the kind of behavior that the FCCPA was designed to prevent. The Court therefore finds that Plaintiff has sufficiently stated an FCCPA claim, and Defendant's motion is due to be denied on that ground.

**II. TCPA**

The TCPA prohibits making any call using an autodialer to any cell phone, except for emergency calls or calls where the called party has given prior consent. 47 U.S.C. § 227(b)(1)(A)(iii). Defendant argues that all debt-collection calls, including those made to cell phones, are categorically exempt from the TCPA. (Doc. 12, p. 7.) However, the

case on which Defendant relies for that proposition, *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230 (11th Cir. 2011), is distinguishable from the one at bar.

In *Meadows*, the plaintiff was suing under two provisions of the TCPA which are inapplicable here: § 227(b)(1)(B), regarding landlines,[2] and § 227(c)(5), regarding telephone solicitations.[3] *Id.* at 235–36. Neither of those provisions apply in this case, as Plaintiff is suing under § 227(b)(1)(A)(iii), regarding cell phones. (*See* Doc. 2, ¶ 21.) Though *Meadows* does broadly state that "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage," that statement is dicta and is also qualified by the narrow holding of the case, which was specifically based on the landline and telephone-solicitation provisions. 414 F. App'x at 235.

Further, this Court must read that statement in *Meadows* in conjunction with the FCC ruling on which it relies, which provides that "prior express consent [in debt-collection calls made to cell phones] is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *In re Rules &*

---

[2] The court held that the defendant did not violate the landline provision because it had an existing business relationship with the intended recipient of the call and the call was made for a commercial, non-solicitation purpose—both explicit exemptions from that provision of the TCPA. *Meadows*, 414 F. App'x at 235 (citing *In re Rules & Regulations Implementing Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8773 (Oct. 16, 1992) ("[P]rerecorded debt collection calls would be exempt from the prohibitions on such calls *to residences* as: (1) calls from a party with whom the consumer has an established business relationship, and (2) commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement." (emphasis added)).

[3] The court held that the defendant did not violate the telephone-solicitation provision because the calls made were debt collections, not telephone solicitations. *Meadows*, 414 F. App'x at 236. The court rightly noted that the FCC has determined that debt-collection calls are "not subject to the TCPA's *separate restrictions on telephone solicitations.*" *Id.* (citation and internal quotation marks omitted) (emphasis added).

*Regulations Implementing Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification & Declaratory Ruling*, 23 FCC Rcd. 559, 564–65 (Dec. 28, 2007) (*FCC Ruling*). This ruling clarifies that not *all* debt-collection calls to cell phones are categorically exempted from the TCPA—unlike the broad exemptions for landline debt-collection calls and telephone solicitations, which are based on the content of the call itself. *See id.* at 561–62 ("[P]rerecorded debt collection calls are exempted from Section 227(b)(1)(B) of the TCPA which prohibits prerecorded or artificial voice messages to residences."), 565 ("[C]alls solely for the purpose of debt collection are not telephone solicitations . . . . Therefore, calls regarding debt collection . . . are not subject to the TCPA's separate restrictions on 'telephone solicitations.'"). Rather, with regard to cell phones, a debt collector must show that the debtor provided the number during the debt transaction; only then will a debt-collection call fall under the consent exception in the cell-phone provision. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir. 2013) ("The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. Unlike the exemptions that apply exclusively to residential lines, there is no . . . debt collection exemption that applies to autodialed calls made to cellular phones. Thus, the content-based exemptions invoked by [the defendant] are inapposite.").

In sum, debt-collection calls to cell phones are only exempt from the TCPA if the debtor had prior express consent, in the form of a number provided by the debtor during the transaction giving rise to that debt. *See FCC Ruling*, 23 FCC Rcd. at 564–65. As Plaintiff has pled that he did not give consent or alternatively revoked consent (Doc. 2, ¶¶ 22–23), he has adequately stated a TCPA claim, and Defendant's motion is due to be denied on that ground. It will be Defendant's task to prove consent at the summary-

judgment stage. *See FCC Ruling*, 23 FCC Rcd. at 565 (putting the burden on the caller to show consent); *see, e.g.*, *Osorio v. State Farm Bank, F.S.B.*, 859 F. Supp. 2d 1326, 1330–31 (S.D. Fla. 2012) (reviewing the issue of consent and revocation on summary judgment).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Wells Fargo's Motion to Dismiss Plaintiff Andrew Conklin's Complaint and Supporting Legal Memorandum (Doc. 12) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 8, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record